IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY BEMBRY, | § § § | |
| *Plaintiff*, | § § § | C.A. No. |
| v. | § § § | |
| | § § | JURY TRIAL DEMANDED |
| TRANSCOR AMERICA, L.L.C. | § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff Terry Bembry (referred to as "Plaintiff") bringing this lawsuit to recover damages based upon the retaliation he underwent after his former employer Defendant Transcor America, L.L.C. learned that he filed a complaint for unpaid overtime with the Department of Labor. In support thereof, he would respectfully show the Court as follows:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets

overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendants violated the FLSA (i) by failing to pay their nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek and (ii) by retaliating against Plaintiff Bembry for filing a complaint with the Wage and Hour Division of the Department of Labor about Defendant's pay practices that violated the FLSA.

## II. JURISDICTION & VENUE

3. Plaintiff's claims arise under the FLSA. 29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III. THE PARTIES

5. Plaintiff Terry Bembry is a resident of Fort Bend County, Texas and was employed with Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing his duties, Bembry was engaged in commerce or in the production of goods for commerce. Bembry regularly worked in excess of forty (40) hours per week. However, Bembry did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA. Bembry was retaliated against for filing a complaint with the Wage and Hour

Division of the Department of Labor ("DOL") about Defendant's pay practices that violated the FLSA.

6. Defendant Transcor America, LLC is a Tennessee limited liability company that may be served with process by serving its registered agent, C T Corporation System at 800 S. Gay Street, Suite 2021 in Knoxville, Tennessee 37929-9710.

7. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

### IV. FACTS

8. Defendant Transcor America, LLC (referred to as "Transcor") provides prison transport services throughout the country. Plaintiff Bembry worked for Transcor in Houston, Texas, beginning on November 1, 2010 as a Transportation Specialist. He worked a range of fifty (50) to sixty (60) hours per week for Transcor without overtime pay.

9. As a result, Plaintiff Bembry reported Transcor's illegal actions to the Wage and Hour Division of the Department of Labor ("DOL"). The DOL conducted an investigation into Transcor's actions and agreed that Transcor violated the Fair Labor Standards Act and awarded Plaintiff Bembry and other Transcor employees wages and benefits.

10. Plaintiff Bembry was called to the Human Resources office and questioned about his involvement in the DOL investigation. He admitted to filing a complaint with the DOL.

11. Shortly after, on November 30, 2012, Plaintiff Bembry and a Senior Officer Tracy Davis were required to transport eighteen (18) female detainees from Laredo to Jim Wells County jail in Alice, Texas.

12. Upon arrival to the Laredo CCA Detention Center to pick up the eighteen (18) detainees, Plaintiff went to the ICE facility to pick up files pertaining to the eighteen (18) females. While doing so, Officer Davis, who was in charge of the weapon, was to check the weapon into a locker until they were ready to depart.

13. After successfully picking up the eighteen female detainees, Plaintiff Bembry and Senior Officer Tracy Davis departed the Laredo CCA Detention Center to drive to the Jim Wells County jail to pick up two male detainees. In route to Jim Wells County jail, Plaintiff Bembry noticed that Officer Davis left the weapon behind at the CCA facility in Laredo, Texas. Plaintiff asked Senior Officer Tracy Davis about the weapon and she smiled and admitted that she forgot about it. She also stated that she spoke with Sergeant Braudricke Harris and he told her he would bring the weapon back to Houston. Plaintiff Bembry stated that he told Senior Officer Tracy Davis that they needed to return to the CCA Laredo to retrieve the weapon. He then called his supervisor Mr. Edmond Benoit and informed him that Senior Officer Tracy Davis left the weapon behind in Laredo and that they were on their way to pick it up. Mr. Benoit responded that

4

was fine. Plaintiff Bembry and Senior Officer Tracy picked up the weapon and continued on their trip to Jim Wells County jail.

14. In early December of 2012, Defendant presented Plaintiff Bembry with a questionnaire about the incident, which stated that there were six (6) allegations, all of which intimated that Plaintiff Bembry did not report the missing weapon at all or not in a timely manner within a twenty-four (24) hour period of the incident.

15. On December 13, 2012, Defendant made a certification to the Wage and Hour Division of the Department of Labor that it had paid Mr. Brembry in full for all unpaid overtime wages. Just seven days later, on December 20, 2012, Defendant terminated Plaintiff.

## V. PLAINTIFF'S ALLEGATIONS

**A. Plaintiff Was Terminated In Retaliation for Filing A Complaint With the Department of Labor Regarding Defendants' Unlawful Pay Practices.**

16. The FLSA forbids employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act] … ." 29 U.S.C. § 215(a)(3).

17. Plaintiff filed a complaint with the Department of Labor ("DOL") regarding Defendants' unlawful pay practices. In response, the DOL began an investigation into Defendants' actions. Thereafter, Plaintiff Bembry was called to the Human Resources department and questioned about his involvement. Plaintiff Bembry admitted to his involvement to the Human Resources department.

18. By filing a complaint with the Wage and Hour Division of the DOL regarding Defendant's unlawful pay practices, Plaintiff engaged in conduct protected by the FLSA.

19. As a direct result of filing a complaint with the DOL, Plaintiff was terminated in violation of 29 U.S.C. § 215(a)(3).

**B.     Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

20. The illegal pattern or practice on the part of Defendant with respect to retaliation is a direct violations of the FLSA.

21. No exemption excuses Defendants for failing to pay Plaintiff at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

22. Defendants have not made a good faith effort to comply with the FLSA.

23. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff and retaliated against Plaintiff in the form of termination.

### VI.  CAUSE OF ACTION—FLSA RETALIATION

24. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

25. After Plaintiff filed a complaint with the DOL, Defendant inquired about his involvement. He admitted to filing a complaint with the DOL. He was terminated seven (7) days after Defendant certified to the DOL that they paid Plaintiff Bembry for wages under the Fair Labor Standards Act.

26. Defendants violated the FLSA by discharging Plaintiff because he filed a complaint with the Department of Labor.

27. Plaintiff is entitled to employment, reinstatement, lost wages, and an additional equal amount as liquidated damages as a result of Defendant's termination of him for filing a complaint with the DOL as a result of Defendant's failure to pay him overtime wages.

### VII. JURY REQUEST

28. Plaintiff requests a trial by jury.

### VIII. PRAYER

WHEREFORE, Plaintiff Terry Bembry respectfully requests this Court:

a. Award Plaintiff front pay as a result of his retaliatory discharge;

b. Award Plaintiff an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

c. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

d. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

e. Award postjudgment interest as allowed by law;

f. Award costs of court and costs of prosecuting Plaintiff's claims; and

g. Award such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Rochelle Owens
    State Bar No. 24048704
    Federal Id. No. 590507
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**